UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SANDRA DIANA ESQUEDA GALVAN,

                 Petitioner,

v.

KEVIN RAYCRAFT et al.,

                 Respondents.

_____/

Case No. 1:26-cv-1006

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I.        Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on April 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on April 6, 2026. (ECF No. 5.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of Mexico. (Notice to Appear (NTA), ECF No. 5-1, PageID.65.) On or about January 1, 2005, Petitioner entered the United States near Hidalgo, Texas, without inspection. (*Id.*) On April 25, 2020, Department of Homeland Security (DHS) agents encountered Petitioner at a border checkpoint on U.S. Highway 70 in New Mexico attempting to enter the United States. (2025 Form I-213, ECF No. 5-5, PageID.87.) DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because she is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 5-1, PageID.65.) It appears Petitioner was thereafter released on bond. (Pet., ECF No. 1, PageID.6.)

On June 10, 2025, Petitioner was arrested and detained by ICE in Columbus, Ohio, following a traffic stop. (2025 Form I-213, ECF No. 5-5, PageID.86.) On July 2, 2025, the Cleveland Immigration Court denied Petitioner's request for bond because

> The [Petitioner] has a significant amount of prior convictions to include three [OWI] convictions. The Court finds that this not only makes the [Petitioner] a danger to the community but also demonstrates that she is a flight risk as the Court has concerns that she will follow Court orders and appear in Court when ordered to as she has continuously violated the laws within the United States.

(Order of the Immigration Judge (IJ), ECF No. 5-6, PageID.90.)

On February 24, 2026, the Cleveland Immigration Court ordered that Petitioner be removed to Mexico. (Order of the IJ, ECF No. 5-7, PageID.92–95.) Petitioner had until March 26, 2026, to timely appeal the removal order to the Board of Immigration Appeals (BIA) (*id.*, PageID.95), and Petitioner did not file an appeal. (Pet., ECF No. 1, PageID.2). *See also* Automated

Case Information, https://acis.eoir.justice.gov/en/ (enter 078-341-072 for the A-Number, select "Mexico" for the Nationality, and select Submit) (last visited Apr. 24, 2026).

### III.   Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   Merits Discussion

As noted above, on February 24, 2026, the Cleveland Immigration Court ordered that Petitioner be removed to Mexico. (Order of the IJ, ECF No. 5-7, PageID.92–95.) Petitioner had until March 26, 2026, to timely appeal the removal order to the BIA (*id.*, PageID.95), and Petitioner did not file an appeal. (Pet., ECF No. 1, PageID.2). Following the expiration of Petitioner's appeal period, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals"). Under these circumstances, based on the record that is presently before the Court, as of March 27, 2026, the day after the expiration of Petitioner's timely appeal period, Petitioner's order of removal became administratively final, and her detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B)(ii).

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the record before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231 (a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   April 29, 2026                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge